## REAGAN v. LUKE BOLTON FORD, INC.
### Case No. 85-1200 SPW
County Court, Broward County

August 15, 1985

### APPEARANCES OF COUNSEL

**Ronnie Rogers Reagan,** pro se.
**John B. DiChiara** for defendant.

### OPINION OF THE COURT

STEVEN G. SHUTTER, County Judge.

This action was tried before the Court. On the evidence presented, the Court finds as follows:

### *CHIEF LEGAL ISSUE*

The Florida Motor Vehicle Repair Act, F.S. 559.901 *et seq.* requires that additional repair work authorized by the customer after the initial written repair authorization is completed, be written and noted in the repair estimate. Is the failure of the motor vehicle repair shop to make such a written notation a bar to their collecting a fee for such additional repairs?

### *FACTS*

1. On March 1, 1985, the Plaintiff brought her motor vehicle to the Defendant Luke Bolton Ford Inc. for repairs.

2. Pursuant to F.S. 559.903 the Plaintiff is a customer, the Defendant is a motor vehicle repair shop and the work involved was repair to a motor vehicle.

3. The original estimate of $250.00 and the first additional repair estimate in the amount of $590.00 were authorized and the latter additional authorization was properly noted on the customer repair order.

4. With respect to the second additional repair estimate in the amount of $580.00 representing the cost of a new head cylinder, the Court finds that the testimony is in conflict between the Plaintiff and Defendant's witness, Dean Ford, as to whether the additional sum was authorized. Since both witnesses testified convincingly, and the Court has no reason to disbelieve either, the Court finds that the Plaintiff has failed to prove by a preponderance of the evidence that the second additional repair estimate was not authorized. Therefore, by implication, the Court assumes, for purposes of this decision, that the second additional repair estimate in the amount of approximately $580.00 for a new head cylinder was authorized by the customer.

5. Notwithstanding the foregoing, the Court finds that Luke Bolton Ford was not entitled to the additional sum requested since it failed to note the authorization for the second additional repair estimate on the customer repair order as is mandated by Section 559.909(2), Florida Statutes. It was admitted by Defendant's witness, Dean Ford, who was substituting that particular day for the regular service writer, that due to his lack of familiarity with the system and the business of the shop at that particular time, he neglected to note the authorization on the order.

## LEGAL DISCUSSION

1. This Court has jurisdiction over this matter pursuant to F.S. 559.923.

2. It appears there are no reported decisions on the precise legal issues involved herein.

3. F.S. 559.905 requires that a written repair estimate on repair work of over $50 to a motor vehicle be given before any work can be done.

4. F.S. 559.909 requires that after such a written estimate is given, if the repair shop seeks to do additional repair work it shall, prior to doing the repairs, notify the customer (telephone notification be permitted) and receive oral or written authorization to do the additional work. However, F.S. 559.909 goes on to provide that:

**159**

If additional repair work or charges are authorized by the customer in accordance with subsection (1), the shop shall legibly note such authorization on the written repair estimate. Such notation shall specify the date and time of authorization and shall also contain the additional amount of money authorized by the customer to be spent on the repairs, the name of the person who received the authorization, the name of the person who made the authorization, and a description of the additional work authorized.

5. When the Florida Legislature enacted the Motor Vehicle Repair Act in 1980, it clearly intended to protect the consumer/car owner from the possible abuses of car repair shops. The repair shops are at a vast advantage in that most consumers have limited if any knowledge of automobile repairs, the shop has the consumer's car and the repair shop is in the superior bargaining position.

6. The Act sets forth a number of specific requirements with which the repair shop must comply. No where in the Act does it state the repair shop may only substantially comply. Especially under the specific provision under discussion here that allows a telephone-oral authorization in lieu of the written requirements of the other sections is ripe for abuse. In this case the Court notes there was no evidence the Defendant acted fraudulently or in any dishonest manner whatsoever. Nevertheless, motor vehicle repair shops must be on notice to strictly and fully comply with the law or run the risk of losing some of their fees.

## DECISION

1. This Court finds that the Florida Motor Vehicle Repair Act must be strictly construed against the repair shop which does not fully comply with it.

IT IS ADJUDGED that the Plaintiff, Ronnie Reagan, shall have and recover from Defendant, Luke Bolton Ford, Inc., the sum of $557.00 (representing the difference between the amount of the repair order paid by Plaintiff and the amount of the original estimate and first additional authorized repair estimate for which notation was made on the repair order) together with her costs in the amount of $49.00 for which sums let execution issue.